1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ETHAN L. OWEN and KARI L. OWEN, | NO: CV-12-3037-RMP |
| Plaintiffs, | ORDER DENYING ACEBEDO DEFENDANTS' MOTION TO CHANGE VENUE |
| v. | |
| RYEN L. GODWIN, et al | |
| Defendants. | |

Before the Court is Defendants Pierre E. Acebedo's and Acebedo & Johnson, L.L.C.'s (collectively "Acebedo Defendants") motion to change venue. The Court has reviewed the motion, the memoranda for and against, the declarations for and against, all other relevant filings, and is fully informed.

The Plaintiffs, Ethan and Kari Owen, filed the above-captioned action on March 23, 2012, alleging legal malpractice and breach of fiduciary duty based on the actions of Defendant Ryen Godwin. According to the complaint, ECF No. 1, Mr. Godwin had represented the Plaintiffs in a civil matter. At the time that

ORDER DENYING ACEBEDO DEFENDANTS' MOTION TO CHANGE VENUE ~ 1

representation began, Mr. Godwin was employed by Defendant Acebedo & Johnson, L.L.C.  During the course of that litigation, Mr. Godwin left Acebedo & Johnson, L.L.C. and entered employment with Defendant McGavick Graves, P.S. Mr. Godwin remained counsel for the Plaintiffs throughout his change of employment.

The Plaintiffs allege that Mr. Godwin committed malpractice with respect to his representation of them in the underlying civil matter and a related probate action.  They further allege that as a result of Mr. Godwin's malpractice, judgment was entered against the Plaintiffs in the amount of $132,354.25.  As a result of the judgment, the Plaintiffs sought Chapter 13 bankruptcy protection.  The Plaintiffs filed their bankruptcy petition on November 10, 2011, and the case is pending in front of Bankruptcy Judge Frank L. Kurtz in the Eastern District of Washington, 11-05484-FLK13.

The Acebedo Defendants have moved the Court to transfer this case to the Western District of Washington under 28 U.S.C. § 1404.  The Plaintiffs oppose transfer and argue that the applicable statute under which to review the merits of the transfer request is 28 U.S.C. § 1412.   There is apparently a split of authority as to whether § 1404 or § 1412 controls the transfer of an action "related to" but not "arising under" Title 11.  *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 361-62 (D. Kansas 2004) (citing numerous bankruptcy and district court cases

1   splitting on this issue).  It should be noted that neither party disputes that venue is

2   appropriate in this Court under 28 U.S.C. § 1409.

3          After the motion to transfer was filed, the Honorable Lonny R. Suko granted

4   a motion in another action withdrawing reference to a portion of the Plaintiffs'

5   bankruptcy case and consolidating that case with the present action.  This Court

6   granted a similar motion to consolidate.  ECF No. 43.  As a result, some of the

7   present action "arises under" Title 11.  Accordingly, the dispute over the

8   applicability of § 1404 is mooted and the appropriate section under which to

9   proceed is § 1412.  *See* § 1412.

10         Section 1412 reads: "A district court may transfer a case or proceeding

11  under title 11 to a district court for another district, in the interest of justice or for

12  the convenience of the parties."  Under a plain reading of 1412, a Court's transfer

13  of venue must be based on either the "interest of justice" or "the convenience of

14  the parties."  § 1412; *accord In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir.

15  2005).  This inquiry is made on a case by case basis.  *TIG Ins. Co. v. Smolker*, 264

16  B.R. 661, 668 (Bankr. C.D. Cal. 2001).  There is a presumption that an action

17  should remain in the same district as where the bankruptcy is pending and the

18  burden is on the party seeking transfer to prove by preponderance of the evidence

19  that transfer is warranted.  *Id.*  In considering the appropriateness of transfer, "a

20  typical laundry list of non-exclusive factors" consists of:

ORDER DENYING ACEBEDO DEFENDANTS' MOTION TO CHANGE
VENUE ~ 3

1    (1) proximity of creditors to Court; (2) proximity of debtor to Court;
2    (3) proximity of witnesses necessary to administration of estate; (4)
     location of assets; (5) economic and efficient administration of case;
3    (6) need for further administration if liquidation ensues.

*Donald*, 328 B.R. at 204.

4

5    The Court concludes that the Acebedo Defendants have failed to overcome

6    the "home court presumption" that related actions should be heard in the same

7    venue as the bankruptcy. *TIG Ins. Co.*, 264 B.R. at 668. The substance of the

8    Acebedo Defendants' argument is that proceeding in the Tacoma Division of the

9    Western District will be more convenient for the majority of witnesses because

10   those witnesses reside—and the alleged activities forming the basis for the

11   malpractice lawsuit occurred—in the Western District. The Acebedo Defendants

12   assert that Plaintiffs will suffer little prejudice from a transfer because Plaintiffs

13   chose to litigate their earlier action in the Western District.

14   The Plaintiffs do not contest that the majority of witnesses reside in the

15   Western District but contest the characterization of their case and the need for

16   testimony by many of the witnesses identified by the Acebedo Defendants. The

17   Defendants also identify that some witnesses reside in the Eastern District. The

18   Court notes that this case is a far cry from those cases where the competing forums

19   are located hundreds of miles apart. The courthouse in Yakima, Washington, is the

20   westernmost courthouse in the Eastern District. Although a mountain range

ORDER DENYING ACEBEDO DEFENDANTS' MOTION TO CHANGE
VENUE ~ 4

1    separates Yakima from Tacoma, the distance may be traversed with only a few

2    hours' drive.

3         In light of the fact that there are questions as to the need for the testimony of

4    all of the witnesses identified by the Acebedo Defendants, that there are witnesses

5    for whom the Eastern District is more convenient, that there is a lack of support for

6    the motion by co-defendants McGavick Graves, P.S. and Ryen Godwin, and that

7    Yakima, Washington, is relatively close to Tacoma, Washington, the Court

8    concludes that the convenience afforded to witnesses residing in the Western

9    District is insufficient to overcome the "home court presumption" that cases related

10   to bankruptcy actions should remain in the same venue as the bankruptcy.

11        Additionally, the interest in the economic and efficient administration of the

12   case support keeping the action in Yakima in light of the fact that a portion of the

13   bankruptcy action is now a part of this case.  It makes little sense to split the

14   bankruptcy over two districts.   Accordingly, **IT IS HEREBY ORDERED** that

15   Acebedo Defendants' motion to Change Venue, **ECF No. 22**, is **DENIED**.

16        The District Court Clerk is directed to enter this Order and provide copies to

17   counsel.

18        **DATED** this 10th day of September 2012.

19

20                          _s/ Rosanna Malouf Peterson_
                          ROSANNA MALOUF PETERSON
                          Chief United States District Court Judge

ORDER DENYING ACEBEDO DEFENDANTS' MOTION TO CHANGE
VENUE ~ 5